UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANCE PAYNE, | No. 2: 20-cv-553 KJN P |
| Plaintiff, | |
| v. | ORDER |
| C. BASER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 9, 2020, the undersigned denied plaintiff's motion for appointment of counsel. (ECF No. 22.)

Pending before the court is plaintiff's August 10, 2020 "request for rehearing" of his motion for appointment of counsel. (ECF No. 23.) The undersigned construes plaintiff's request for rehearing as a renewed request for appointment of counsel. For the reasons stated herein, plaintiff's renewed request is denied.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional

circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the pending motion, plaintiff alleges that his disabilities warrant appointment of counsel.  Attached to the pending motion are documents indicating that has disabilities are related to hearing and learning.  (ECF No. 23 at 9.)  Plaintiff also attaches a document dated March 3, 2017, stating that his reading score is 1.4.  (Id. at 10.)  Another inmate assisted plaintiff in preparing the pending motion.  (Id. at 4.)

This action is stayed and set for a settlement conference before Magistrate Judge Claire on October 5, 2020.  Based on the status of this case, the undersigned finds that appointment of counsel is not warranted at this time.  Plaintiff may renew his motion for appointment of counsel following the settlement conference, if appropriate.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for rehearing (ECF No. 23), construed as a renewed request for appointment of counsel, is denied.

Dated:  August 13, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pay553.req