UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANCE PAYNE,<br><br>          Plaintiff,<br><br>     v.<br><br>C. BASER, et al.,<br><br>          Defendants. | No.  2:20-cv-0553 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  On August 14, 2020, the undersigned denied plaintiff's August 10, 2020 motion for appointment of counsel on the grounds that this action was stayed and set for a settlement conference before Magistrate Judge Claire on October 5, 2020.  (ECF No. 24.)  On October 5, 2020, the settlement conference was held.  This action did not settle.  On October 7, 2020, the undersigned lifted the stay in this action.  (ECF No. 30.)

On November 23, 2020, plaintiff filed a renewed motion for appointment of counsel.  (ECF No. 33.)  On November 23, 2020, plaintiff also filed a "request for rehearing," which the undersigned construes as further briefing in support of the renewed motion for appointment of counsel.  (ECF No. 34.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the pending motions, plaintiff alleges that he suffers from severe mental illness. Plaintiff also alleges that he cannot read and has a TABE score of 01.4. Plaintiff alleges that other inmates have assisted him with this litigation. Attached to plaintiff's motion for appointment of counsel is a document stating that plaintiff has a TABE score of 1.4. (ECF No. 33 at 3.)

The undersigned is sympathetic to plaintiff's mental illness and lack of education. However, these circumstances are common to most prisoners. The undersigned does not find that, at this time, plaintiff has demonstrated exceptional circumstances warranting the appointment counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 33) and request for rehearing (ECF No. 34), construed as further briefing in support of plaintiff's motion for appointment of counsel, are denied without prejudice.

Dated: December 1, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

payn0553.31(2)